751 S.E.2d 662

**In the Matter of Scott D. REYNOLDS, Respondent.**

Appellate Case No. 2013–002148.

No. 27332.

Supreme Court of South Carolina.

Submitted Oct. 24, 2013.

Decided Nov. 27, 2013.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

 

Scott D. Reynolds, of Charlotte, NC, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand or definite suspension not to exceed nine (9) months and to the imposition of certain conditions. We accept the Agreement and suspend respondent from the practice of law in this state for nine (9) months with conditions as hereafter stated. The facts, as set forth in the Agreement, are as follows.

## *Facts*

Respondent operated a solo practice primarily handling real estate matters. In November 2010, respondent's bank reported an overdraft on his law firm trust account to the Commission on Lawyer Conduct (the Commission). The resulting investigation by ODC revealed respondent had misappropriated $3,165.00 from his trust account and that he had used those funds for personal debts and expenses. During the investigation, respondent restored the funds.

During the investigation, respondent admitted to abusing alcohol and drugs. Respondent voluntarily entered into a relationship with Lawyers Helping Lawyers and began treatment for addiction and substance abuse. Respondent acknowledged that his misappropriation arose, in part, from his substance abuse and failure to seek adequate and appropriate treatment.

On October 21, 2011, an investigative panel of the Commission accepted a deferred discipline agreement signed by respondent. In that agreement, respondent admitted to violations of the Rules of Professional Conduct and agreed to comply with certain terms and conditions for a period of two years, including compliance with a contract with Lawyers Helping Lawyers, psychological counseling, quarterly reporting to the Commission, payment of costs, and completion of

the Legal Ethics and Practice Program Ethics School and Trust Account School within six months.

Respondent paid the costs and entered into a contract with Lawyers Helping Lawyers but failed to comply with the remaining terms and conditions of the deferred discipline agreement. Specifically, respondent did not submit any quarterly reports, including his affidavit of compliance, his Lawyers Helping Lawyers monitor report, or his medical treatment provider report; he did not attend the Legal Ethics and Practice Program sessions offered in December 2011 and February 2012; and, further, while his contract with Lawyers Helping Lawyers required that he abstain from use of alcohol, in January 2012, respondent resumed drinking alcohol and was arrested for driving while intoxicated. In February 2012, he moved to a residential treatment facility in Anderson, South Carolina. On April 2, 2012, he entered a seven-month, in-patient treatment program in Greenville, South Carolina. On April 13, 2012, respondent left the treatment facility and had no further contact with ODC or the Commission.

As a result of his noncompliance, ODC filed a motion to terminate the deferred discipline agreement. In July 2012, an investigative panel of the Commission denied ODC's motion to terminate and voted to extend the agreement for an additional two years.

On July 27, 2012, respondent signed a second deferred discipline agreement with the same terms, extended for an additional two years. Respondent entered into a new Lawyers Helping Lawyers contract, but failed to comply with the terms and conditions of the second deferred discipline agreement. Specifically, he did not file any of the required reports since signing the second deferred discipline agreement, although he completed the Legal Ethics and Practice Program Ethics School and Trust Account School in February 2013, he did not report his attendance to the Commission, and, at some point, he resumed the use of alcohol contrary to the terms of his contract with Lawyers Helping Lawyers.

In June 2013, an investigative panel of the Commission terminated the second deferred discipline agreement with respondent and authorized formal charges.

In June 2013, respondent entered into an eight-week inpatient program in Virginia. Respondent has now completed that program.

## *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (lawyer shall hold property of clients or third persons in lawyer's possession in connection with a representation separate from lawyer's own property); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(9) (it shall be ground for discipline for lawyer to willfully fail to comply with the terms of a finally accepted deferred discipline agreement).

## *Conclusion*

We accept the Agreement for Discipline by Consent and impose a nine (9) month suspension from the practice of law. In addition, we impose the following conditions for a period of two (2) years from the date of this opinion:

1. respondent shall enter into a new contract with Lawyers Helping Lawyers which shall include, at a minimum, a random blood test for use of drugs and alcohol each quarter at respondent's expense;

2. respondent shall fully participate in a meaningful relationship with a monitor selected by Lawyers Helping Lawyers;

3. respondent shall commit himself to abstinence and will attend meetings in a twelve-step or other appropriate program designated by, and in accordance with a regular schedule set by, Lawyers Helping Lawyers;

4.  respondent shall comply with all treatment recommendations of a medical provider to address his addiction and substance abuse; and

5.  respondent shall file quarterly reports with the Commission that include a statement confirming compliance with his contract from a representative of Lawyers Helping Lawyers, a statement from his monitor outlining their interactions, a statement of his diagnosis, treatment compliance, and prognosis from his medical treatment provider, and the results of at least one random blood test. The filing of these reports shall be respondent's responsibility and will be done at his expense.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.